Ilsiíey,,' Ji
.-The defendant is sued as the acceptor of a bill of exchange, drawn by Phillips & Bevans to the order of the plaintiffs.
, The -defendant, admitting his signature to the bill, pleads the general issue, and.avers that Phillips & Bevans, the drawers of the draft, bought of Louis Schwartz, seventy-five bales of cotton for §2,563 01, in payment o'f which they drew two sight drafts on New York, which were not paid, but protested, and the present draft was given in lieu thereof. That the said cotton sold by Louis Schwartz, was not equal to the representation of its quality, was falsely packed and worthless. That the said Louis Schwartz represented to them, and guaranteed that there was no tax on cotton, when, on the contrary, the cotton was liable to the said tax, and the government claimed and collected it.
. That the plaintiffs were part owners, and interested in the said cotton, and knew before they took the draft, that the consideration for it had failed, and that a fraud had been practised upon Phillips & Bevans, for whose accommodation the defendant accepted the draft.
Phillips and Bevans intervened in the suit, adopting the allegations in the answer of Barringer.
On the trial of the case in the lower court, the defendants offered to prove by a witness that' when the defendant, Barringer, accepted the draft.now sued on, he stated in the-presence of Louis- Schwartz, and in that of a, member of the plaintiffs’ firm, that he had received a letter from New York, by which he learned the cotton was damaged, and that he did not know how the cotton would turn out, and that if it turnad out badly, he would not pay his acceptance sued on, which he was then about to accept; and the Court excluded this testimony as also the .testimony of the same witness to prove that when the defendant accepted the draft he refused, although so requested by a member of the plaintiffs’ firm, to write the word “ accepted ” over his signature, on the ground that he had been informed that the cotton was not such as Louis Schwartz had.represented it to be, and that he would not make his acceptance complete and binding on him by writing the word accepted over his signature, because he would not pay. the draft sued on, if the cotton turned out badly, and to this ruling of the Court the defendant objected, and took two.bills of exception.
The reason assigned in the bills for the rejection oí this testimony was, that it would convert- an absolute into a qualified acceptance, and that this could not be done by parol testimony. This doctrine the defendant does not impugn; but he says, and it is so stated in the bills of exception, that the testimony was offered to show that the plaintiff’s were thus informed of the failure of the consideration of the said draft or acceptance.
There is no evidence in the record to connect, in any manner, the plaintiffs with the original transactions between Louis Schwartz and Phillips & Bevans, or that any other relation existed in the matter than the taking from Louis Schwartz in due time, bona fide, and for a valuable consideration, the two smaller negotiable drafts, which is sufficiently proved by the witness, Moses Schwartz.
We do not consider the evidence thus offered, as presented in the bills, admissible, as its effect would be, in a certain contingency, to discharge the acceptor, whose acceptance was complete by his signature written *421 across the draft, (Parsons on Notes and Bills, vol. 2, p. 501) and the notice thus attempted to be brought home to the plaintiffs would be a mere means to an end, to show that the acceptor was only bound conditionally.
The evidence of several witnesses in New York, was offered to show the original failure of consideration for the two drafts, but this the Court improperly rejected, because it was a link on the plaintiffs’ chain of defence, and he could not be controlled in the order in which he presented his proof.
This proved, he might have proceeded to show, which, however, he did not do, that when the plaintiffs took the first drafts they were parties to the sale of cotton, or had full knowledge of the original failure of consideration for these drafts.
The consideration given by the plaintiffs for the draft now in suit, was not cotton but two drafts, for which they had paid the face of them in money.
They had nothing to do with the acceptor of the last draft furnished. They merely, to accommodate the parties, exchanged the two protested drafts for the acceptance of the defendant.
The court below rendered a judgment in favor of the plaintiffs, and for the reasons now given:
It is ordered, adjudged and decreed that the judgment appealed from be, and the same is hereby, affirmed at the costs of the appellants.
Behearing refused.